UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTATE OF GREGORY V. FAULL,**

        **Plaintiff,**

v.                                            **Case No:   6:13-cv-1746-Orl-31KRS**

**JOHN MCAFEE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION TO SET PRE-TRIAL CONFERENCE OR JURY TRIAL DATE FOR PROOF OF DAMAGES AS TO DEFENDANT MCAFEE AND TO EXTEND THE DATE TO ENTER A DEFAULT JUDGMENT (Doc. No. 50)** |
| **FILED:** | **June 16, 2015** |

**I.  PROCEDURAL HISTORY.**

On November 8, 2013, Plaintiff Estate of Gregory V. Faull, by Curt Jacobus, Esq., his duly appointed personal representative,[1] filed a complaint against Defendants John McAfee, Samantha Vanegas, and Amy Herbert, alleging claims under Florida's Wrongful Death Act, and claims for common law negligence, intentional battery resulting in injury in death, and punitive damages. Doc. No. 1. After the Court issued an Order to Show Cause why the case should not be dismissed for lack of subject-matter jurisdiction, Doc. No. 6, Plaintiff filed an amended complaint, Doc. No.

---

[1] References herein to Plaintiff will refer to Jacobus in his capacity as personal representative for Faull's Estate.

12, alleging facts necessary to establish diversity jurisdiction.[2] *Accord* Doc. No. 13 ¶ 3. On December 9, 2014, Plaintiff served a copy of the summons and amended complaint on Defendant McAfee.[3] *See* Doc. No. 39. Plaintiff subsequently filed a motion for entry of clerk's default against McAfee, Doc. No. 40, and a clerk's default was entered against McAfee on January 27, 2014, Doc. No. 41.

On April 15, 2015, I ordered Plaintiff to file proof of service of the summons and amended complaint on Defendants Vanegas and Herbert on or before May 1, 2015, or show cause in writing why the claims against each of these defendants should not be dismissed for failure to timely effectuate service of process. Doc. No. 46. On April 27, 2015, Plaintiff dismissed his claims against Defendants Vanegas and Herbert without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Doc. No. 47.

On June 16, 2015, Plaintiff filed the above-referenced motion requesting that the Court determine that Defendant McAfee is liable under each cause of action alleged. Plaintiff also requests that the Court set a jury trial on the issue of compensatory and punitive damages. Plaintiff's motion was referred to me for a Report and Recommendation, and it is now ripe for review.

---

[2] The Order to Show Cause concerning subject-matter jurisdiction was discharged on December 11, 2013. Doc. No. 15.

[3] Although the process server indicated in his affidavit that service occurred on December 9, 2014, the affidavit was dated December 8, 2014. Doc. No. 39, at 3. While that may raise concerns regarding whether the record adequately establishes that service has been properly perfected, the Court need not reach that issue at this time, in light of the other recommendations made herein.

**II.   STANDARD OF REVIEW.**

A court may find that a defaulted defendant is liable under causes of action alleged in the complaint only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").[4]  The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This requirement applies with equal force in the analysis of liability of a defaulted defendant.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110538, at *2–4 (M.D. Fla. Sept. 3, 2009), *adopted by* 2009 U.S. Dist. LEXIS 110257 (M.D. Fla. Nov. 24, 2009).

**III.   ALLEGATIONS OF THE AMENDED COMPLAINT.**

Gregory V. Faull was a United States citizen who at the time of his death was domiciled in the Middle District of Florida, but temporarily staying at his vacation home in Belize.  Doc. No. 12 ¶ 3.  Faull and Defendant John McAfee were neighbors in Belize.  *Id.* ¶ 9.  A personal dispute arose between Faull and McAfee.  Faull died on November 11, 2012 as a result of a gunshot to his head.  *Id.* ¶ 10.  Before he died, Faull endured great physical harm and personal injury.  *Id.* ¶ 22.  Faull is survived by his daughter, Amber Eileen Faull, who is a beneficiary.  *Id.* ¶ 14.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all binding decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The remaining allegations are conclusory. These conclusory allegations include that McAfee conspired with others to cause Faull's death (*id.* ¶ 10); that McAfee's negligent or intentional conduct resulted in Faull's death (*id.* ¶¶ 13, 17); and that McAfee intentionally caused or ordered conduct he knew would result in the injury to and death of Faull (*id.* ¶ 19). None of these conclusory allegations are supported by any allegations of what actions McAfee took that led to Faull's injury and death. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *See Iqbal*, 556 U.S. at 672.[5] Accordingly, these conclusory allegations will not be considered in determining liability.

**IV.   DISCUSSION.**

I will first address whether the well-pleaded facts in the amended complaint are sufficient to establish that McAfee is liable under any of the causes of action alleged. I will then discuss whether Plaintiff is entitled to a jury trial on the issue of damages.

   A.   *McAfee's Liability.*

Plaintiff's amended complaint raises claims under Florida's Wrongful Death Act; claims for common law negligence and intentional battery resulting in injury and death; and, punitive damages. It is not clear that Plaintiff may rely on Florida tort law in this case because the actions leading to the death of Faull appear to have occurred entirely in Belize. *See, e.g., In re Chiquita Brands Int'l, Inc. Alien Tort Statute and S'holder Derivative Litig.*, 792 F. Supp. 2d 1301, 1355-56 (S.D. Fla. 2011); *Baragona v. Kuwait Gulf Link Transp. Co.*, 688 F. Supp. 2d 1353, 1354-55 (N.D. Ga. 2007). Because I recommend that the Court find that the well-pleaded allegations of fact in the amended

---

[5] In *Iqbal*, the Court found the following allegations were conclusory and not entitled to a presumption of truth: Defendants Ashcroft and Mueller "'knew of, condoned, and willfully and maliciously agreed to subject' [Plaintiff] to harsh conditions of confinement"; Ashcroft was the "'principal architect'" of this invidious policy; and, Mueller was "'instrumental'" in adopting and executing the policy. 556 U.S. at 680-81. The Court wrote, "These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements'" of the causes of action. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

complaint are insufficient to establish liability even if Florida tort law applies, the Court need not resolve the choice-of-law issue at this time.

### 1. Violation of Florida's Wrongful Death Act.

The Florida Wrongful Death Act, Fla. Stat. §§ 768.16-.26, "provides for a cause of action that may be brought by a decedent's personal representative when the decedent's death is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person . . . , 'and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued.'" *Laizure v. Avante at Leesburg, Inc.*, 109 So. 3d 752, 758 (Fla. 2013) (quoting Fla. Stat. § 768.19). Plaintiff alleges that McAfee violated Florida's Wrongful Death Act through negligence or through battery.

To establish a cause of action under Florida's Wrongful Death Act that is predicated on negligence, the plaintiff must allege (1) the defendant owed a legal duty to the decedent, (2) the defendant breached that duty, (3) the breach was a legal or proximate cause of the decedent's death, and (4) the plaintiff suffered damages as a result of the breach. *Fritsch v. Rocky Bayou Country Club, Inc.*, 799 So. 2d 433, 435 (Fla. 1st Dist. Ct. App. 2001). In the amended complaint, Plaintiff alleges that McAfee had a legal duty to refrain from conduct that resulted in Faull's death. Doc. No. 12 ¶ 13. Assuming that this adequately alleges a legal duty, Plaintiff does not allege any facts showing how McAfee breached that duty or any facts showing that the breach of that duty was the legal or proximate cause of Faull's death.

In order to adequately allege a battery, the plaintiff must allege that the defendant intentionally inflicted harmful or offensive contact upon the person of another, and that the defendant took some positive or affirmative act which caused, or was intended to cause, an unpermitted contact. *Christie v. Lee Cty. Sheriff's Office*, No. 2:10-cv-420-FtM-36DNF, 2011 WL 4501973, at *5 (M.D. Fla. Sept. 28, 2011). Once again, the amended complaint fails to allege any

facts showing the positive or affirmative steps that McAfee took to cause, or that were intended to cause, the gunshot to Faull's head.

For these reasons, I recommend that the Court find that the amended complaint does not allege well-pleaded facts sufficient to establish that McAfee is liable for violating Florida's Wrongful Death Act.

### 2. Common Law Negligence and Battery Claims.

Plaintiff's claims for common law negligence and battery also fail because the amended complaint does not allege well-pleaded facts sufficient to establish that McAfee is liable for the reasons discussed above.

Plaintiff's claims for common law negligence and battery also fail as a matter of law.  Under the Florida Wrongful Death Act, "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Fla. Stat. § 768.20.  Therefore, "the elements of a personal injury claim where the death is alleged or proven to have resulted from the complained of tortious conduct are subsumed in the statutory cause of action created by the Wrongful Death Act." *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1219 (M.D. Fla. 2011).  When, as here, a claim brought under the Florida Wrongful Death Act is predicated on battery and negligence that resulted in a decedent's death, claims for battery and negligence "cannot stand as independent causes of action." *Cone v. Orosa*, No. 13-cv-24674-JLK, 2014 U.S. Dist. LEXIS 48334, at *6 (S.D. Fla. Apr. 7, 2014).

For these reasons, I recommend that the Court find that McAfee is not liable under the claims for common law negligence and battery.

### 3. Punitive Damages.

The amended complaint purports to state a cause of action for punitive damages.  However, under Florida law, a demand for punitive damages is not independent claim. *Phillip Morris USA, Inc. v. Hallgren*, 124 So. 3d 350, 355 (Fla. 2d Dist. Ct. App. 2013).  "[P]unitive damages are merely

a remedy that must be asserted in conjunction with a substantive claim." *Id.* For these reasons, I recommend that the Court find that McAfee is not liable for punitive damages based merely on the allegations in the amended complaint.

> B. *Whether Plaintiff is Entitled to a Jury Trial to Determine Damages.*

For the sake of thoroughness, I will also address Plaintiff's argument that, if liability were established, he is entitled to a jury trial to determine damages. Under federal law there is no right to a jury trial after default absent a federal statute that specifically preserves the right to a jury trial after default. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 870 (S.D. Ga. 1996); *see also Coton v. Televised Visual X-Ography, Inc.*, No. 8:07-cv-1332-T-TGW, 2010 U.S. Dist. LEXIS 26847, at *6-7 (M.D. Fla. Mar. 9, 2010); *see also* Fed. R. Civ. P. 55(b)(2) ("[T]he court may conduct hearings or make referrals – preserving *any federal statutory right to a jury trial* – when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ." (emphasis added)). Plaintiff concedes this point, but he argues that Florida law, not federal law, controls whether he is entitled to a jury trial. *See* Doc. No. 50, at 9-11. This argument is incorrect as a matter of law.

In *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam), the United States Supreme Court held that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." Under this standard the federal rules concerning whether the right to a jury trial survives default are paramount, not Florida's rules. *Ammons v. Franklin Life Ins. Co.*, 348 F.2d 414, 416 (5th Cir. 1965) ("If there should be any difference between the state and the federal rule, it must be remembered that in the federal courts the right to a jury trial is to be determined as a matter of federal law . . . .").

In support of his request for a jury trial, Plaintiff directs the Court's attention to *Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328 (M.D. Fla. 2010). In *Loos*, the court granted the plaintiff's request for a jury trial on unliquidated, non-economic compensatory and punitive damages as to a defaulted defendant. *Id.* at 1336. In deciding that the jury trial on damages was appropriate, the

*Loos* court cited Florida case law preserving the right to a jury trial after default. *Id.* (citing *U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc.*, 674 So. 2d 169, 171 (Fla. 3d Dist. Ct. App. 1996)). However the *Loos* court did not explain why reliance on Florida case law to address this issue comports with *Simler*. Consequently, I find that *Loos* is not persuasive authority. *Cf. Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1578 n.2 (11th Cir. 1990) (declining to rely on cases that employed a jury on the basis of a state statute without explaining how the use of the state law in federal court comports with *Simler*).

Plaintiff attempts to confine the application of *Simler* to situations in which a jury trial would be granted under federal law but denied under state law. Plaintiff argues that because Florida law is more protective of the right to a jury trial after default *Simler* is not instructive and Florida law should apply. Doc. No. 50, at 9-10. In making this argument, Plaintiff relies on a series of non-controlling cases concerning whether contractual jury trial waivers are enforceable in federal courts notwithstanding California and Georgia law prohibiting waiver.

The United States Court of Appeals for the Eleventh Circuit has applied federal rules to determine whether a party has a right to a jury trial – even in situations where federal law is less protective of the right to a jury trial than state law. *E.g.*, *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121-22 (11th Cir. 1991) (finding that plaintiff was not entitled to a jury trial under federal law because his claim was an equitable claim notwithstanding state case law indicating that he was entitled to a jury trial). As one court noted, while the rule articulated in *Simler* "often provides a federal litigant a jury trial to which he would not be entitled under state law, it applies even when the result is to deny the federal litigant a jury trial on an issue as to which state law would provide a right to jury." *Hartford Fire Ins. Co., v. First Nat'l Bank of Atmore*, 198 F. Supp. 2d 1308, 1310 n.3 (S.D. Ala. 2002). Accordingly, the cases addressing contractual jury trial waivers that Plaintiff relies on are not applicable to this case.

For these reasons, if the Court concludes that the amended complaint states well-pleaded facts sufficient to find McAfee liable on any cause of action, I recommend that the Court find that Plaintiff is not entitled to a jury trial to determine damages.

## V. RECOMMENDATION.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **DENY** Plaintiff's Renewed Motion to Set Pre-Trial Conference or Jury Trial Date for Proof of Damages as to Defendant McAfee and to Extend the Date to Enter a Default Judgment (Doc. No. 50). Unless Plaintiff requests and is granted leave to file a second amended complaint, I further recommend that the Court issue an order to show cause why the case should not be dismissed for failure to state claims on which relief can be granted.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**Recommended** in Orlando, Florida on September 14, 2015.

          *Karla R. Spaulding*
          KARLA R. SPAULDING
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy