# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF GREGORY V. FAULL,**

    **Plaintiff,**

**v.**                                                    **Case No:   6:13-cv-1746-Orl-31KRS**

**JOHN MCAFEE,**

    **Defendant.**

## ORDER

This matter comes before the Court on Plaintiff's Motion to Set Pre-Trial Conference or Jury Trial for Proof of Damages as to Defendant McAfee and to Extend the Date to Enter a Default Judgment (Doc. 50), which was filed on June 16, 2015. A clerk's default was entered against the Defendant, John McAfee ("McAfee"), on January 27, 2014. (Doc. 41).

On September 14, 2015, the United States Magistrate Judge issued a report (Doc. 51) recommending that the motion be denied. More particularly, Judge Spaulding determined that (1) the well-pleaded allegations of the Amended Complaint (Doc. 12) were insufficient to establish McAfee's liability under any of the four purported causes of action set forth in that pleading and (2) the Plaintiff was not entitled to a jury trial to determine damages. (Doc. 51 at 8).

On October 13, 2015, the Plaintiff filed an objection (Doc. 54) to the Magistrate Judge's report to the extent that it recommended denying entry of default judgment as to Count I of the Amended Complaint – a claim under the Florida Wrongful Death Act, Fla. Stat. §§ 768.16-.26 – and insofar as it found that Plaintiff was not entitled to a jury trial as to damages.[1]

---

[1] The Plaintiff also objected to Judge Spaulding's suggestion that Florida law might not apply in the instant case, as all of the relevant events at issue appear to have occurred in Belize.

After an independent *de novo* review of the record, the Court concurs with the recommendations of the Magistrate Judge.  In particular, the Court agrees that the pertinent allegations of the Amended Complaint – such as that McAfee "either directly or through his behest or by his agents … conspired to and caused the death of Faull by a gunshot to his head" (Doc. 12 at 3) – are too vague and conclusory to sustain a default judgment against McAfee as to the wrongful death claim.  In addition, while arguing that the Court should exercise discretion to grant a jury trial as to damages, the Plaintiff does not take issue with the Magistrate Judge's determination that federal law does not *require* a jury trial under these circumstances.

Finally, the Plaintiff requests that, if the Court follows the Report and Recommendation, the Plaintiff be allowed to file a second amended complaint "that pleads all the known facts establishing that McAfee directly or through his agents tortured and killed Faull."  The Court will grant this request.  Accordingly, it is hereby

**ORDERED** that

1.    The Report and Recommendation of the Magistrate Judge (Doc. 51) is **ADOPTED AND CONFIRMED** and made a part of this order;

---

(Doc. 51 at 4).  However, as Judge Spaulding did not make a recommendation to that effect, the Plaintiff's objection on this score is premature and will not be addressed in this order.

      2.      Plaintiff's Motion to Set Pre-Trial Conference or Jury Trial for Proof of Damages as to Defendant McAfee and to Extend the Date to Enter a Default Judgment (Doc. 50) is **DENIED**; and

      3.      The Plaintiff is granted leave to file an amended pleading, as set forth above, on or before October 26, 2015.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on October 16, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party