# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF GREGORY V. FAULL,**

    **Plaintiff,**

**v.**                                                      **Case No:   6:13-cv-1746-Orl-31KRS**

**JOHN MCAFEE,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Default Judgment (Doc. 82) filed by the Plaintiff, the Estate of Gregory V. Faull (henceforth, the "Estate"). On November 15, 2016, Magistrate Judge Spaulding filed a Report and Recommendations (Doc. 83) concerning the motion. On December 13, 2016, the Estate filed an objection to the Report and Recommendations. (Doc. 87). Upon *de novo* review, for the reasons set forth below, the Report and Recommendations will be approved and adopted and made a part of this order.

**I.      Background**

The instant case involves the death of Gregory Faull ("Faull"), which occurred in Belize in November, 2012. This suit was filed by the executor of Faull's estate, Curt Jacobus. Jacobus contends that Faull's then-neighbor, John McAfee, was responsible for his death.

The Estate filed this suit on November 8, 2013. One week later, it was ordered to show cause why the suit should not be dismissed for lack of subject matter jurisdiction. (Doc. 6). In response, the Estate filed its Amended Complaint (Doc. 12) on December 5, 2013. The Estate had serious difficulty obtaining service of process on McAfee, finally accomplishing it on

December 8, 2014. (Doc. 39). A clerk's default was entered against McAfee on January 27, 2014. (Doc. 41).

Subsequently, the Estate sought to demonstrate its entitlement to a default judgment as to liability against McAfee. (Doc. 50). The matter was referred to Magistrate Judge Spaulding, who determined that the allegations of the Amended Complaint were too vague and conclusory to support the entry of such a judgment. (Doc. 51). The Estate then filed a Second Amended Complaint (Doc. 57), asserting a single claim under Florida's Wrongful Death Act, Fla. Stat. §§ 768.16-.26. On May 28, 2016, the Estate obtained service of the Second Amended Complaint upon McAfee, Doc. 78, and the Clerk entered another default (Doc. 81) against him on June 21, 2016. On July 27, 2016, the Estate filed the instant motion, seeking a default judgment as to its claim under Florida's Wrongful Death Act.

**II.     Legal Standards**

    **A.     Report and Recommendations**

Pursuant to 28 U.S.C. §636(b)(1)(a), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of various pretrial motions, such as motions for summary judgment. Within fourteen days after beings served with a copy of the report and recommendations, any party may serve and file written objections. 28 U.S.C. §636(b)(1). A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

### B. Default Judgment

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed.R.Civ.P. 55(b)(2). Because of our legal system's "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact but is not held to admit facts that are not well pleaded or to admit conclusions of law. *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005). Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015).

### III. Analysis

Assuming *arguendo* that Florida's Wrongful Death Act applied to the death of Faull, who was a Florida resident, Magistrate Judge Spaulding found that the Estate was not entitled to a default judgment because the wrongful death claim – the sole claim asserted in the Second Amended Complaint – was not properly supported by well-pleaded facts.[1] More specifically, Judge Spaulding found that most of the allegations regarding Faull's assault and murder by a group allegedly headed by McAfee were properly supported, but the following allegations – which set forth McAfee's participation in those events – were not:

> 67. *Upon information and belief*, McAfee and his group left their residence in the dark, surprised and set upon Faull, who had just

---

[1] Judge Spaulding also found that the Estate had not complied with the requirements of the Servicemembers Civil Relief Act by providing an affidavit regarding potential military service, and that this failure mandated denial of the motion for default judgment. (Doc. 83 at 11). It appears from the record that the Estate subsequently provided the necessary affidavit (Doc. 86), curing that problem.

>arrived home from the McCann's party and who had reached the area of the hallway of his home. Faull had already put his house key back in the inside lock of his home door at the time he was attacked.
>
>68. *Upon information and belief*, McAfee, Vanegas and the others with him entered the Faull residence, and conspiring together, caught Faull in an unguarded moment, and they began shocking Faull with a Taser "stun gun(s)", to immobilize him, and to teach Faull a frightening, painful and an ultimately fatal lesson for allegedly poisoning the McAfee dogs some hours earlier, and in consideration of the bad blood that existed between McAfee and Faull..
>
>69. *Upon information and belief*, as he had done before during the 2011 Orange walk area beating of the Carmelita Village victim, McAfee again watched the entire episode of physical assault with battery and the fatal injury by gunshot wound inflicted on Faull while McAfee was present in Faull's home.
>
>70. *Upon information and belief*, in the fleeting moments of Faull's life, Faull recognized McAfee as personally in charge of his assailants and in the same room in Faull's home watching, and that McAfee was giving orders and directing Faull's injuries, torture and death.
>
>71. *Upon information and belief*, McAfee shot and killed Faull by a bullet into Faull's head. Alternatively, McAfee verbally directed that Samantha do so for him, or when she asked to be allowed to fire the kill-shot, McAfee approved Samantha to shoot Faull with a 9mm or other handgun placing a bullet into Faull's head which she did, killing Faull.
>
>72. A portion of a human fingernail, other than his own, was found post-mortem left in Faull's scalp at the time of his death that night, *upon information and belief*, the fingernail was likely placed there in an act of grasping rage to hold back Faull's head immediately before the fatal bullet was fired into his skull.

(Doc. 83 at 9-10) (emphasis added in Report and Recommendation).

Plaintiffs may plead facts alleged "upon information and belief" where those facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability feasible. *See, e.g.*, *Arista Records,*

*LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) (in copyright infringement case, finding plaintiff had plausibly alleged upon information and belief that defendants "had used" file-sharing networks to download and distribute its music, where complaint included list of specific songs found in the respective defendants' file-sharing folders on a specified online, peer-to-peer file-sharing network) Judge Spaulding found that paragraphs 67 to 72 of the Second Amended Complaint lacked any factual support and therefore should be disregarded in assessing whether the Estate had stated a claim.  (Doc. 83 at 13).   Without those paragraphs, Judge Spaulding further found, the Second Amended Complaint failed to state a plausible wrongful death claim against McAfee.   (Doc. 83 at 13).

In its objection (Doc. 87), the Estate does not take issue with the legal framework followed by Judge Spaulding in regard to the pleading based on information and belief and which the Court adopts here.   Instead, the Estate argues that the "information and belief" allegations were properly supported by facts.   (Doc. 87 at 8).   The Estate spends a number of pages describing the extensive factual investigation its counsel carried out – travelling to Belize, conducting interviews, obtaining police reports, and much more.   (Doc. 87 at 2-6).   However, the Estate fails to connect the dots; it never points to any facts obtained during this investigation (and set forth in the Second Amended Complaint) that support the "information and belief" allegations.

In an effort to show that the "information and belief" allegations were factually supported, the Estate argues that the Second Amended Complaint

> places defendant, McAfee squarely at the home of Faull at or near the time Faull was assaulted, tortured and killed there …
> immediately after alleging [sic] (or directing others to fire the fatal shot) the fatal shot [sic] (Doc. No. 57, Para. 72-73 and 71 & 80).

(Doc. 87 at 8).   However, McAfee is alleged to have lived next door to Faull's residence during the time of the relevant events.   (Doc. 57 at 8).   Thus, placing him *near* Faull's home on the night

- 5 -

Faull was killed does not advance the Estate's argument – and all of the allegations that Faull was *at* Faull's home on the night Faull died are made on information and belief.[2] The same holds true for the allegations that Faull fired the fatal shot or directed someone else to do so.

The Estate also argues that this Court should rely on extrinsic documents to find support for the allegations it made on information and belief. (Doc. 87 at 9). In particular, the Estate seeks to have the Court rely on a transcript of a documentary film about McAfee. (Doc. 87 at 10). But the Estate never provides an explanation as to how this documentary film is "intrinsic" to its wrongful death claim, or even to point to any evidence in the film that supports its "information and belief" allegations.

In the absence of any factual support for paragraphs 67-72, they cannot be considered for purposes of assessing whether the Estate is entitled to a default judgment against McAfee. Without those paragraphs, the allegations in the Second Amended Complaint are, essentially, that McAfee was Faull's neighbor, that the pair had been involved in a serious dispute, and that McAfee had threatened to shoot Faull if he set foot on McAfee's property; that McAfee was known to use Tasers and Faull was tortured with a Taser before he was killed; and that McAfee

---

[2] The Estate also points to paragraph 73 of the Second Amended Complaint, which reads as follows:

> McAfee left the Faull residence and dug into the sand, on or near his property, and created a safe place to hide himself and to escape police detection, but giving him access to viewing police and others searching for him.

(Doc. 57 at 17). The Estate argues that this paragraph puts McAfee at the scene of Faull's death without relying on information and belief. (Doc. 87 at 15). However, the Estate offers no explanation as to why it was forced to rely on information and belief to assert that McAfee left his home and went to Faull's home on the night of the murder, and to describe the role McAfee allegedly played in Faull's death, but could directly allege that McAfee then left the Faull residence. It appears that at least the first portion of paragraph 73 should have been attributed to information and belief.

was a suspect in Faull's death but evaded the police and fled from Belize without speaking to them. After *de novo* review, the Court agrees with the Magistrate Judge that these allegations, while consistent with McAfee having been responsible for Faull's murder, are not enough to cross the line into plausibly suggesting that he did so. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 87) is **APPROVED AND ADOPTED** and made a part of this order. And it is further

**ORDERED** that the Motion for Default Judgment (Doc. 82) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 12, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party