**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ESTATE OF GREGORY V. FAULL,**

    **Plaintiff,**

**v.**                                                                                   Case No: 6:13-cv-1746-Orl-31KRS

**JOHN MCAFEE,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Leave to File Third Amended Complaint (Doc. 92) filed by the Plaintiff, the Estate of Gregory V. Faull (henceforth, the "Estate"). On March 13, 2017, Magistrate Judge Spaulding filed a Report and Recommendation (Doc. 94), recommending that the Court deny the motion as futile. The Estate objected to that recommendation. (Doc. 95). Upon *de novo* review, for the reasons set forth below, the Court approves and adopts the Report and Recommendation, which will be made a part of this order. The motion for leave to amend will be denied, and the case will be dismissed without prejudice.

    **I.**    **Background**

The Estate filed this suit on November 8, 2013, asserting *inter alia* that the Defendant, John McAfee, had caused Gregory Faull to be murdered in Belize in November, 2012. (Doc. 1 at 3). One week later, the Estate was ordered to show cause why the matter should not be dismissed for lack of subject matter jurisdiction. (Doc. 6). In response, the Estate filed its Amended Complaint (Doc. 12). The Estate had serious difficulty obtaining service of process on McAfee, finally accomplishing it on December 8, 2014. (Doc. 39). A clerk's default was entered against McAfee on January 27, 2014. (Doc. 41).

Subsequently, the Estate sought to demonstrate its entitlement to a default judgment as to liability against McAfee. (Doc. 50). The matter was referred to Magistrate Judge Spaulding, who determined that the allegations of the Amended Complaint were too vague and conclusory to support the entry of such a judgment. (Doc. 51). The Estate then filed a Second Amended Complaint (Doc. 57), asserting a single claim under Florida's Wrongful Death Act, Fla. Stat. §§ 768.16-.26. On May 28, 2016, the Estate obtained service of the Second Amended Complaint upon McAfee. (Doc. 78). The Clerk then entered another default on June 21, 2016. (Doc. 81).

On July 27, 2016, the Estate filed a motion seeking entry of default judgment against McAfee. (Doc. 82). Magistrate Judge Spaulding issued a Report and Recommendation regarding the motion, recommending that it be denied. (Doc. 83). She determined that the key allegations regarding McAfee's liability were asserted on the basis of "information and belief," but that the Estate had not provided factual support for those allegations, and therefore the Second Amended Complaint failed to state a claim against him. (Doc. 83 at 13). On December 13, 2016, the Estate filed its objection to that Report and Recommendation. (Doc. 87). On January 12, 2017, the Court overruled the Estate's objections and adopted the Report and Recommendation. (Doc. 90).

A month passed with no activity in the case. On February 15, 2017 – more than three years after this matter was originally filed – the Court ordered the Estate to show cause why the matter should not be dismissed for failure to prosecute. (Doc. 91). The Estate responded that it had become aware of additional information regarding McAfee, and that it believed that information would cure the deficiencies in the Second Amended Complaint. (Doc. 92 at 2). To

that end, the Estate filed the instant motion, seeking leave to file its third amended complaint. (Doc. 92).

## II. Legal Standards

### A. Report and Recommendations

Pursuant to 28 U.S.C. §636(b)(1)(a), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of various pretrial motions, such as motions for summary judgment. Within fourteen days after beings served with a copy of the report and recommendations, any party may serve and file written objections. 28 U.S.C. §636(b)(1). A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

### B. Default Judgment

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed.R.Civ.P. 55(b)(2). Because of our legal system's "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact but is not held to admit facts that are not well pleaded or to admit conclusions of law. *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005). Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015).

**III. Analysis**

As noted, the primary shortcoming of the Second Amended Complaint was that the key factual allegations as to McAfee's participation in Faull's death were not well-pleaded. (Doc. 83 at 13). The Estate seeks to cure this problem in part by relying on statements from Cassian Chavarria, made in a film documentary about McAfee. According to Chavarria's statements in the documentary, he was ordered by McAfee to transfer $5,000 of McAfee's money into the bank account of Eddie McKoy, shortly before Faull's murder. Chavarria also said that, a few hours after Faull had been murdered but before his body had been found, McKoy called Chavarria – in the middle of the night – to be picked up from a spot about 600 feet from Faull's house, which was the scene of his murder. After news of the murder became public, Chavarria concluded that McKoy had killed Faull, and that McAfee had paid him the $5,000 to do so. However, the documentary also includes statements from McKoy denying that he received $5,000 from McAfee and denying being paid to kill Faull. Thus, the evidence regarding the alleged transfer is disputed, and the most important allegations for purposes of McAfee's liability – that McKoy killed Faull, and that McAfee paid him to do so – are not based on personal knowledge.

The proposed Third Amended Complaint also includes allegations that McAfee directed one or more of three women – Amy Herbert, Samantha Vanegas, and Marcia Novelo – to distract Faull so that McKoy could slip into his house. But as Judge Spaulding points out, the allegation is based on a hearsay statement from Herbert. Herbert was originally a defendant in this matter, and the Estate was unable to obtain service of process on her. There is no indication that the Estate would be able to obtain this evidence in admissible form. Moreover the allegation does not match Herbert's statement, which is that one woman – Novelo – distracted Faull, not one or more of Herbert, Vanegas, or Novelo, as the Estate proposes to allege in the Third Amended Complaint.

Thus, the only new allegations in the Third Amended Complaint that have any evidentiary support are that Chavarria wired $5,000 to McKoy's account at McAfee's request, and that Chavarria picked McKoy up about 600 feet away from the murder scene a few hours after it occurred. The Court agrees with Judge Spaulding that these additional allegations are insufficient to plausibly allege that McKoy, assisted by one or more of three women, tortured and killed Faull at McAfee's behest. Because the amended complaint still fails to provide allegations that are sufficient to establish liability, the amendment would be futile. In addition, as Judge Spaulding notes, the Estate has not shown that, during the three years since this case was filed, it has been able to obtain statements from individuals with personal knowledge or other evidence that would support the most important allegations regarding McAfee's liability. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that leave to amend may be denied based on, *inter alia*, repeated failure to cure deficiencies by amendments previously allowed, or futility of amendment). *See also Surtain*, 789 F.3d at 1249 (affirming *sua sponte* dismissal with prejudice of discrimination claim after denial of motion for default judgment, where plaintiff was on notice of deficiencies in claim and repeatedly failed to cure).

The Estate disputes the contention that the allegations regarding McAfee's liability lack evidentiary support. (Doc. 95 at 6). It argues that its counsel has conducted a "very thorough investigation" and should not be required to disclose "confidential attorney work product" at this stage of the proceedings. (Doc. 95 at 7). The Court has not suggested that any such disclosure is required. But as the Court has repeatedly informed the Plaintiff, a defaulting defendant only admits *well-pleaded* allegations of the complaint. *Cotton,* 402 F.3d at 1278. In the absence of evidentiary support (from whatever source), allegations based only on information and belief do not satisfy this standard.

The Estate takes issue with any implication that it has been dilatory in prosecuting the instant case. The Court is well aware of the difficulties counsel for the Estate has faced, and understands that the overwhelming majority (if not the entirety) of the delays in these proceedings resulted from the Defendant's conduct. Nevertheless, this case have been underway for more than three years, and the central allegations as to the sole Defendant's liability still lack evidentiary support. Despite repeated prodding from the Court, the Plaintiff has not produced such support or suggested an ability to obtain it in the near future – or ever, for that matter. Under these circumstances, further amendment would be futile, and the case will be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 92) is **AFFIRMED** and **ADOPTED** and made a part of this order. And it is further

**ORDERED** that the Second Amended Complaint (Doc. 57) is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 15, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party