**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**RLANDO **D**IVISION

**ESTATE OF GREGORY V. FAULL,**

      **Plaintiff,**

**v.**                                  **Case No:   6:13-cv-1746-Orl-31KRS**

**JOHN MCAFEE,**

      **Defendant.**

**A**MENDED **R**EPORT AND **R**ECOMMENDATION[1]
(And Direction to Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S DISPOSITIVE MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOHN McAFEE ON THIS ISSUE OF LIABILITY AND REQUEST . . . TO SET A JURY TRIAL ON THE ISSUES OF DAMAGES (Doc. No. 113)**
>
> **FILED:** **July 25, 2018**
> _____
>
> **THEREON** it is **RESPECTFULLY RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART.**

**I.   PROCEDURAL HISTORY.**

Plaintiff, the Estate of Gregory V. Faull ("Estate"), filed its Third Amended Complaint against Defendant, John McAfee, on May 4, 2018.  Doc. No. 104.  It alleges that McAfee violated

---

[1] This Amended Report and Recommendation supersedes my original Report and Recommendation (Doc. No. 114).  Accordingly, the **Clerk of Court** is **DIRECTED** to **TERMINATE** the original Report and Recommendation (Doc. No. 114).

the Florida Wrongful Death Act, Fla. Stat. §§ 768.16-768.26, by hiring a person to kill Faull and by directing the events that led to Faull being intentionally killed.  *Id.* at 19.   The Estate alleges that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Id.* at 1.

The Estate served the Third Amended Complaint on McAfee by mail and email on May 7, 2018.[2]  Doc. No. 107.  McAfee failed to appear and respond to the Third Amended Complaint. The Clerk of Court entered a default against McAfee on June 8, 2018.  Doc. Nos. 110, 111, 112. The Estate now seeks a default judgment finding McAfee liable for the death of Gregory V. Faull, and it seeks a jury trial on damages.

## II.     STANDARD OF REVIEW.

Entry of a default judgment is committed to the discretion of the district court.  *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted).  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions

---

[2] The Estate personally served McAfee with an earlier complaint.  Doc. No. 38.  Therefore, Fed. R. Civ. P. 5(b)(2) permitted service of the Third Amended Complaint to be made by mailing the document to McAfee's last known address.

for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

**III.   ANALYSIS**.

In the motion, the Estate does not show how the well-pleaded allegations of fact in the Third Amended Complaint establish liability.   However, in *Estate of Faull v. McAfee*, 727 F. App'x 548, 549 (11th Cir. 2018), the U.S. Court of Appeals for the Eleventh Circuit found that "the well-pleaded factual allegations in the third amended complaint, accepted as true, plausibly state a wrongful death claim against McAfee under Florida law for the death of Faull."

Nevertheless, the Eleventh Circuit did not direct this Court to enter a default judgment on liability, despite the fact that the Estate requested it do so.    Rather, it wrote in pertinent part as follows:

> [E]ntry of a default judgment is warranted only where the pleadings provide a sufficient basis for such judgment. The standard for determining whether a sufficient basis exists is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Nevertheless, district courts have broad discretion to determine whether a default judgment is appropriate in a given case, including the authority to conduct hearings to, among other things, "establish the truth of any allegation by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(C), (D).

*Id.* at 552 (some internal citations omitted) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)).   Federal Rule of Civil Procedure 55(b)(2) expressly states that when conducting hearings, the Court must preserve any federal statutory right to a jury trial.   This Court has previously found that federal law does not require a jury trial in this case.   Doc. Nos. 51, 55. However, it appears that the Court may hold a jury trial in its discretion.   *See, e.g., Coton v. Televised Visual X-Ography, Inc.*, No. 8:07-cv-1332-T-TGW, 2010 WL 813345, at *2 n.* (M.D. Fla. March 9, 2010).

Based on the procedural history of this case, and the statement by the Eleventh Circuit approving a hearing to establish the truth of allegations by evidence, I recommend that the Court grant the motion in part and set the case for trial on issues of liability and damages. I further recommend that the Court require counsel for the Estate to file a trial brief addressing the applicable substantive law (Florida or Belize[3]), setting forth the elements that must be proved to establish liability and identifying the types of damages that may be awarded. If the Court elects to hold a jury trial, I further recommend that the Court require counsel for the Estate to submit proposed jury instructions. Finally, I recommend that the Court provide notice to McAfee that a trial will be held at which he may appear if he wishes to do so. *Cf. Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that, on appeal, a defendant in default "may not challenge the sufficiency of the evidence [but] is entitled to contest the sufficiency of the complaint and its allegations to support the judgment").

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 17, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] Counsel for Plaintiff filed a copy of the Belize Torts Act (2000). Doc. No. 82, at 26-36. The Court has not yet determined whether there is a conflict between the wrongful death laws of Florida and Belize or, if a conflict exists, which law should apply under Florida's conflict-of-laws analysis. *See, e.g., Yelton v. PHI, Inc.*, 669 F.3d 577, 583 (5th Cir. 2012)(discussing conflict-of-laws analysis in case brought under Florida's Wrongful Death Act).

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy